## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DORSEY & WHITNEY LLP,                          Civil File No. _____

        Plaintiff,

v.                                                                    **COMPLAINT**

UNITED STATES POSTAL SERVICE,

        Defendant.


Plaintiff Dorsey & Whitney, LLP, for its Complaint, states and alleges as follows:

### INTRODUCTION

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of records concerning Negotiated Services Agreements ("NSAs") from Defendant, the United States Postal Service ("USPS"). Plaintiff Dorsey & Whitney, LLP ("Plaintiff") seeks declaratory, injunctive, and other appropriate relief with respect to the USPS's unlawful withholding of responsive records.

2.  An NSA enables a private party to obtain USPS services at lower rates or terms more favorable than those otherwise available to the general public.

3.  Since Congress explicitly authorized the USPS to negotiate NSAs in the Postal Accountability and Enhancement Act of 2006,[1] the USPS has entered into more than

---

[1] Pub. L. No. 109-435, 120 Stat. 3198 (Dec. 20, 2006); 39 U.S.C. § 3622.

1,500 NSAs with private counterparties, with 260 NSAs approved in 2018 alone.[2] Discounts from regular USPS postage offered through NSAs amount to millions of dollars.

4.    While the USPS is authorized to negotiate and enter into such agreements with private parties, it is *not* authorized to categorically refuse to respond to reasonable FOIA requests about such agreements, much less do what USPS did here: abandon its obligations under FOIA altogether.

5.    In response to a narrowly tailored request about three specific NSAs and about the general criteria USPS uses to enter into NSAs, the USPS by its own admission *refused* to: (a) undertake any effort to search for responsive records; (b) permit inspection of any responsive records; or even (c) segregate releasable documents or information from non-releasable documents or information.

6.    And, in an apparently unprecedented response, the USPS refused even to confirm the existence of such agreements, responding that it could "neither confirm nor deny" that the USPS has such information.

7.    The USPS's invocation of a response used in the national-security context is particularly inappropriate.   NSAs are not state secrets.   And basic, non-trade secret information about contractual relationships with government contractors—like that requested here—is commonly disclosed and widely available through various means, including under FOIA and on government websites and databases, like usaspending.gov

---

[2] Postal Regulatory Commission, *Negotiated Service Agreements (NSAs) Statistics August 2018 Update* (Aug. 2018), https://www.prc.gov/sites/default/files/ NSA%20Update%20August%202018.pdf.

and sam.gov.  Even the USPS commonly touts in press releases and on its website the names of its private commercial partners, including holders of NSAs.

8.      The USPS's conduct and refusal to release records violates the letter and core purpose of FOIA, which is to "open agency action to the light of public scrutiny."  *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

## JURISDICTION AND VENUE

9.      This Court has subject-matter jurisdiction to entertain this Complaint pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10.     Plaintiff exhausted its administrative remedies by filing an initial request, and a timely appeal of the denial of that request, with the USPS.

11.     Venue in this district is appropriate pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because Plaintiff has its principal place of business in this District.

## PARTIES

12.     Plaintiff Dorsey & Whitney LLP is a Minnesota limited liability partnership with its principal place of business in Hennepin County, Minnesota.  Plaintiff submitted the FOIA request that is the subject of this Complaint.

13.     Defendant United States Postal Service is an executive agency of the United States, established by statute and charged with responsibility for parcel delivery and for the negotiation and execution of NSAs with private entities, among other things.  Defendant possesses the public records that Plaintiff seeks.

## THE FOIA REQUEST

14.    On April 16, 2018, Plaintiff filed a letter with Defendant requesting access to certain documents under FOIA (the "Request").  A copy of the Request is attached as **Exhibit A**.

15.    The Request sought information about NSAs between the USPS and three entities: (a) Fujian Zongteng Network Technology Co., Limited (f/k/a Fuzhou Zongteng Technology Co., Limited); (b) Enumber, Inc.; and (c) US Elogistics Service Corporation. *See* Ex. A.

16.    For each of these entities, the Request sought information "related to any Negotiated Service Agreement ('NSA') between the United States Postal Service" and the named entity, including "the copy of the NSA and any application or proposal materials" submitted by the entity to obtain the NSA.  Ex. A.

17.    The Request also sought access to information "related to the criteria used by the United States Postal Service to award NSAs, including but not limited to any internal guidance, handbooks, or checklists related to the same."  Ex. A.

## THE USPS DENIES THE REQUEST, REFUSING TO CONFIRM OR DENY THE EXISTENCE OF RESPONSIVE INFORMATION

18.    On May 16, 2018, the USPS denied the Request in its entirety.  A copy of this denial is attached as **Exhibit B**.

19.    FOIA applies to the USPS.  *See* 39 U.S.C. § 410(b)(1).  After acknowledging that FOIA "requires federal government agencies to disclose to the public reasonably described records within their possession," however, the USPS then denied the request

relying on Exemption 3 to FOIA.  Ex. B.  Exemption 3 provides that an agency may withhold records when another statute "establishes particular criteria for withholding or refers to particular types of matters to be withheld."  5 U.S.C. § 552(b)(3).  The USPS, citing 39 U.S.C. § 410(c)(2), then explained that the Request "relate[s] to business relationships that the Postal Service may or may not have with selected business partners." Ex. B.  Accordingly, the USPS represented that it could "neither confirm nor deny whether such records exist."[3]  *Id.*

20.    The USPS explained further that it "declines to conduct a search for the records requested or to perform any analysis to identify or segregate portions of alleged records."  *Id.*

21.    Although the USPS's refusal to search for records and its professed rationale for not doing so plainly pertained to only part of the information sought by the Request, the USPS ignored entirely other materials sought by the Request, such as agency criteria for the issuance of an NSA.

22.    The USPS's denial was not based on any other rationale or reason, including undue burden or harm, or any other exemption afforded by FOIA.

23.    Contrary to the USPS's unsupported and conclusory assertion, it is not uncommon for private entities to publish or tout the names of their counterparties and

---

[3] This unorthodox form of response is known as a "*Glomar* Response" or "*Glomar* Denial," named after a FOIA case involving the CIA's right to decline to acknowledge the existence of records related to the clandestine activities of the *Hughes Glomar Explorer*, a ship which the CIA used to attempt to secretly recover a Soviet submarine in the 1970s.  *See Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976).

customers.  For example, FedEx openly touts its contractual relationships with the USPS on the FedEx website, asserting not only that it has entered into contracts with the USPS but also conveying information about the terms of those contracts and services provided.[4] To the extent that USPS contends that the very names of the entities with which it has agreements or basic information about the terms of those agreements are not disclosed in commercial contexts, such a belief reflects a misunderstanding of the commercial marketplace and a misunderstanding of the USPS's status as a public agency.

24.     Further, the USPS's categorical position ignores that the USPS publicly touts other contractual relationships with private entities.  For example, the USPS for years has openly disclosed and touted its partnerships with other private companies—such as UPS— and publicly discloses details about those partnerships, including the volume of mail carried by UPS in a year for the USPS.[5]

25.     The USPS has also freely and extensively discussed its partnerships with private contractors in testimony before Congress.  For example, USPS leadership has testified about the "strategic partnership" with Amazon that was accomplished through an NSA.[6]

---

[4] *See, e.g.*, FedEx, *FedEx Extends Express Air Transportation Contract With United States Postal Service* (Feb. 23, 2017), https://about.van.fedex.com/newsroom/fedex-extends-express-air-transportation-contract-united-states-postal-service/.

[5] *See, e.g.*, United States Postal Service, *Blue and Brown Make Green* (Dec. 6, 2012) https://about.usps.com/news/national-releases/2012/pr12_149.htm.

[6] United States Postal Service, *Statement of Chief Information Officer and Executive Vice President James P. Cochrane Before the Subcommittee on Federal Workforce, U.S. Postal Service and the Census* (May 22, 2014), http://about.usps.com/news/testimony/2014/pr14_day0522.pdf.

26.     The USPS's categorical position also ignores that United States government contractors are commonly identified by agencies, and that copies of contracts (properly redacted for trade secrets and sensitive information) are generally releasable through FOIA.

27.     Information equivalent to the NSAs sought by Plaintiff is affirmatively published by Federal agencies on websites like usaspending.gov and sam.gov.

28.     The USPS's categorical position is also inconsistent with the publication of at least some NSAs on other government websites, including the Postal Regulatory Commission website.

## USPS DENIES PLAINTIFF'S ADMINISTRATIVE APPEAL

29.     On June 13, 2018—less than 30 days after receiving the USPS's initial denial—Plaintiff filed a timely administrative appeal of the USPS's initial denial pursuant to 5 U.S.C. § 552(a)(6)(A).  A copy of this appeal is attached as **Exhibit C**.

30.     Plaintiff's appeal explained that the USPS's initial denial should be overturned because Exemption 3 does not permit withholding of the requested *documents*, and instead is focused on specific *information*.  *See* Ex. C. (citing, among other things, *Piper & Marbury LLP v. United States Postal Serv.*, 2001 U.S. Dist. Lexis 2492, at *14 (D.D.C. Mar. 5, 2001)).  The appeal also explained that a *Glomar* Response was inappropriate under the circumstances and requested, alternatively, that USPS consider the information sought by the Request for a discretionary release.  Ex. C.

31.     On July 18, 2018, the USPS denied the appeal.  A copy of this denial is attached as **Exhibit D**.

32.     In denying the administrative appeal, the USPS reiterated the reasoning in its initial denial, explaining that the information request was "commercial in nature" and maintaining that "even acknowledging the existence" of such information would "disclose whether the Postal Service has NSAs with these named parties." *See* Ex. D.

33.     The USPS failed to address Plaintiff's request for discretionary disclosure, and failed to address the request for information beyond the identities of the parties with which the USPS has negotiated NSAs.

34.     In denying Plaintiff's appeal, the USPS explained that it issued a "final decision . . . regarding your right of access to records requested pursuant to the FOIA." Ex. D.

35.     To date, the USPS has provided no information responsive to the Request, much less complete responsive information, to Plaintiff.

36.     To date, the USPS has not undertaken any effort to search for documents responsive to the Request.

## FIRST CAUSE OF ACTION

**Violation of FOIA – Failure to Search for, and Disclose, Responsive Agency Records**

37.     Plaintiff repeats the allegations above, and incorporates them as if fully set forth herein.

38.     The USPS has access to, and is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for, records responsive to Plaintiff's Request.

39.     Plaintiff has a legal right to inspect and obtain responsive records.  No legal basis exists for USPS's failure to search for and disclose them.

40.     No legal basis exists for the USPS to provide a *Glomar* Response or to fail to undertake any effort to search for responsive materials.

41.     No legal basis exists for USPS to fail to have segregated releasable records and to make those available or to ignore Plaintiff's request for discretionary release of records.

42.     Pursuant to FOIA, Plaintiff should have access to the information sought from the USPS in the Request.

## PRAYER FOR RELIEF

Wherefore**,** Plaintiff respectfully requests that judgment be entered in its favor against Defendant and that the Court:

1.      Declare Defendant's refusal to confirm or deny the existence of the requested information unlawful under FOIA;

2.      Declare Defendant's search efforts and response to Plaintiff's FOIA request to be inadequate under the law;

3.      Order Defendant to identify and produce the requested information to Plaintiff;

4.      Grant Plaintiff its attorney fees and costs expended in the pursuit of this claim, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.      Grant such further relief that the Court deems just and proper.

Dated:  August 27, 2018                DORSEY & WHITNEY LLP

By *s/ Alex P. Hontos*
    Alex P. Hontos (#0388355)
    hontos.alex@dorsey.com
    Caitlin L.D. Hull (#0398394)
    hull.caitlin@dorsey.com
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Plaintiff*