# EXHIBIT A



**ALEX P. HONTOS**
**Partner**
**(612) 492-6634**
**FAX (612) 677-3403**
**hontos.alex@dorsey.com**

April 16, 2018

**VIA ONLINE REQUEST PORTAL**

MANAGER RECORDS OFFICE
US POSTAL SERVICE
475 L'Enfant Plaza SW Rm 1P830
Washington, DC 20260-1101

  Re: **Freedom of Information Act Request to US Postal Service**

Dear Freedom of Information Act Officer:

  This is a request under the Freedom of Information Act (5 U.S.C. § 552).  I request that a copy of the following documents or documents containing the following information be provided to me:

- All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any Negotiated Service Agreement ("NSA") between the United States Postal Service and **Fujian Zongteng Network Technology Co., Limited (f/k/a Fuzhou Zongteng Technology Co., Limited)** (collectively "Zongteng"), including the copy of the NSA and any application or proposal materials submitted by Zongteng to obtain the NSA.

- All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and **Enumber, Inc.**, including the copy of the NSA and any application or proposal materials submitted by Enumber to obtain the NSA.

- All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and **US Elogistics Service Corporation**, including the copy of the NSA and any application or proposal materials submitted by US Elogistics to obtain the NSA.

- All documents, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to the criteria used by the United States Postal Service to award NSAs, including but not limited to any internal guidance, handbooks, or checklists related to the same.



MANAGER RECORDS OFFICE
US POSTAL SERVICE
April 16, 2018
Page 2


     In order to help to determine my status for purposes of determining the applicability of any fees, you should know that my name is Alex P. Hontos, and I am an attorney with Dorsey & Whitney LLP, a Minneapolis, MN law firm.  I am willing to pay fees for this request.  If you estimate the fees will exceed $500, please inform me before processing the request.  I look forward to hearing your response within the 20-day statutory time period.

     Please do not hesitate to contact me to discuss my request.  My phone number is (612) 492-6634.  I can be reached at this number during normal business hours from 8:00 a.m. to 6:00 p.m. Central Standard Time.

     Thank you for your time and consideration of this request.


        Cordially yours,

        DORSEY & WHITNEY LLP


        s/ Alex P. Hontos
        Alex P. Hontos
        Partner

AH:sen

# EXHIBIT B


UNITED STATES
POSTAL SERVICE

May 16, 2018

Mr. Alex Hontos
Partner
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

Via email: hontos.alex@dorsey.com

RE: FOIA Case NO. 2018-FPRO-00773

Dear Mr. Hontos:

Your request of April 16, 2018 for information under the Freedom of Information Act has been forwarded to this department for response.  You requested the following:

> All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any Negotiated Service Agreement ("NSA") between the United States Postal Service and Fujian Zongteng Network Technology Co., Limited (f/k/a Fuzhou Zongteng Technology Co., Limited) (collectively "Zongteng"), including the copy of the NSA and any application or proposal material submitted by Zongteng to obtain the NSA.

> All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and Enumber, Inc., including the copy of the NSA and any application or proposal materials submitted by Enumber to obtain the NSA.

> All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and US Elogistics Service Corporation, including the copy of the NSA and any application or proposal materials submitted by US Elogistics to obtain the NSA.

> All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to the criteria used by the United States Postal Service to award NSAs, including but not limited to any internal guidance, handbooks, or checklists related to the same.

- 2 -

The FOIA generally requires federal government agencies to disclose to the public reasonably described records within their possession.  However, the FOIA contains several exemptions that permit agencies to withhold certain records.  Additionally, an agency may refuse to either confirm or deny that it has relevant records when disclosing the existence or nonexistence of responsive records would itself cause a harm protected under a FOIA request.

The records you request relate to business relationships that the Postal Service may or may not have with selected business partners.  The release of the existence of such a relationship as well as the material terms of any such agreement, should they exist, could harm the Postal Service's commercial interests in obtaining competitive rates with a variety of business partners in the future.  As a result, the Postal Service can neither confirm nor deny whether the requested records exist.  Moreover, the Postal Service declines to conduct a search for the records requested or to perform any analysis to identify or segregate portions of alleged records.  Therefore, your request is denied in accordance with FOIA Exemption 3 in conjunction with 39 U.S.C. Section 410(c)(2).

FOIA Exemption 3 provides that agencies may withhold records that are exempted from disclosure by another statute which "establishes particular criteria for withholding or refers to particular types of matters to be withheld "5 U.S.C. § 552(b)(3).  Section 410(c)(2) of Title 39, U.S. Code, provides that information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good practice would not be publicly disclosed is exempt from disclosure requirements of the FOIA. This section was enacted as part of the Postal Reorganization Act, 39 U.S.C. § 101 et seq. (1970), which designated the Postal Service as an independent establishment of the executive branch and generally directed it to conduct its operations in accordance with sound business principles. Section 410(c)(2) operates both independently and as an exempting statute within the scope of Exemption 3.

To determine what constitutes "good business practice" under § 410(c)(2), courts consider the customs of the commercial world, management techniques, and business law, as well as the standards of practice adhered to by large corporations. The Postal Service may withhold information of a commercial nature if large businesses would do the same.  It would not be good business practice to release the requested information, and private businesses would not release information of this nature to the public.

The Postal Service's ability to withhold such information, if it exists, is also consistent with Congress' intent, expressed through the PRA, that the Postal Service "be managed in a businesslike way," as well as Congress' intent, expressed through the Postal Accountability and Enhancement Act of 2006 (PAEA), that the Postal Service become a profit-oriented, rather than breakeven, enterprise.  Accordingly, the type of information requested meets the "commercial" and "good business practice" tests under 39 U.S.C. §410(c)(2).  Unlike other federal government agencies, the Postal Service under the PRA receives no tax dollars for payment of operating expenses, and instead must fund its operations through revenue it receives from its customers for the sale of both competitive and non-competitive postage, products and services.

- 3 -

If you are not satisfied with the response to this request, you may file an administrative appeal within 90 days of the date of this response letter by writing to the General Counsel U.S. Postal Service 475 L'Enfant Plaza SW Washington, DC 20260 or via email at FOIAAppeal@usps.gov.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of the response to your request. The letter of appeal should include, as applicable:

1. A copy of the request, of any notification of denial or other action, and of any other related correspondence;
2. The FOIA tracking number assigned to the request;
3. A statement of the action, or failure to act, from which the appeal is taken;
4. A statement identifying the specific redactions to responsive records that the requester is challenging;
5. A statement of the relief sought; and
6. A statement of the reasons why the requester believes the action or failure to act is erroneous.

For further assistance and to discuss any aspect of your request, you may contact any of the following:

- Name of agency official and/or FOIA Coordinator that processed your request: Merl Stanley, Business Customer Intelligence, Sales Support, merl.l.stanley@usps.gov
- FOIA Requester Service Center: Privacy & Records Office (Attn: FOIA RSC) U.S. Postal Service 475 L'Enfant Plaza SW, RM 1P830 Washington, DC 20260-1101 Phone: 202-268-2608, Fax: 202-268-5353
- FOIA Public Liaison: Jane Eyre, Jane.G.Eyre@usps.gov

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Merl L. Stanley

# EXHIBIT C



**ALEX P. HONTOS**
**Partner**
**(612) 492-6634**
**FAX (612) 677-3403**
**hontos.alex@dorsey.com**

June 13, 2018

**<u>VIA EMAIL</u>**

General Counsel
U.S. Portal Service
475 L'Enfant Plaza SW
Washington, DC 202060
FOIAAppeal@usps.gov

Re:     **FOIA Request No. 2018-FPRO-00773 – Appeal of Initial Denial**

Dear Sir or Madam:

This is a formal appeal of the decision not to release information requested from the United States Postal Service ("USPS") under the Freedom of Information Act (5 U.S.C. § 552) ("FOIA").

On April 16, 2018, I submitted a request to the USPS for the following documents and communications (assigned FOIA Tracking No. 2018-FPRO-00773):

- All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any Negotiated Service Agreement ("NSA") between the United States Postal Service and **Fujian Zongteng Network Technology Co., Limited (f/k/a Fuzhou Zongteng Technology Co., Limited)** (collectively "Zongteng"), including the copy of the NSA and any application or proposal materials submitted by Zongteng to obtain the NSA.

- All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and **Enumber, Inc.**, including the copy of the NSA and any application or proposal materials submitted by Enumber to obtain the NSA.

- All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and **US Elogistics Service Corporation**, including the copy of the NSA and any application or proposal materials submitted by US Elogistics to obtain the NSA.



USPS General Counsel – FOIA Appeal
June 13, 2018
Page 2

- All documents, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to the criteria used by the United States Postal Service to award NSAs, including but not limited to any internal guidance, handbooks, or checklists related to the same.

A true and correct copy of the FOIA request submitted on April 16, 2018 (the "Request") is attached hereto as **Exhibit A**.

By letter dated May 16, 2018, the USPS denied my request and refused to release any responsive information at all.  USPS wrote that it "can neither confirm nor deny whether the requested records exist," but also indicated that it "declines to conduct a search for records requested or to perform any analysis to identify or segregate portions of alleged records."  The denial letter failed entirely to address my request for documents "related to the criteria used by the [USPS] to award NSAs, including but not limited to an internal guidance, handbooks, or checklists related to the same."  A true and correct copy of the USPS denial letter dated May 16, 2018 (the "Denial") is attached hereto as **Exhibit B**.

This timely appeal of the denial follows.

## I.      The Denial Should be Overturned

The purpose of the Freedom of Information Act is to "open agency action to the light of public scrutiny."  *Judicial Watch of Florida, Inc. v. U.S. Dept. of Justice*, 102 F. Supp. 2d 6, 17 (D.D.C. 2000) (citing *U.S. Dept. of Justice v. Reporters Committee For Freedom of Press Department of Air Force v. Rose*, 489 U.S. 749, 773, 103 L. Ed. 2d 774, 109 S. Ct. 1468 (1989)).  FOIA requires disclosure of agency records unless a specific exemption applies to protect information from public scrutiny.  The USPS bears the burden of proving the applicability of any statutory exemption it asserts in denying a FOIA request.  5 U.S.C. § 552(a)(4)(B).

Because the USPS has not met its burden in establishing the applicability of an exemption, I respectfully urge you to overturn the Denial and compel the USPS to release the documents and communications listed in the Request.

### A.      Exemption 3 Does Not Permit Withholding the Requested Documents

As noted by the USPS in the Denial, "Exemption 3 provides that agencies may withhold records that are exempted from disclosure by another statute which 'establishes particular criteria for withholding or refers to particular types of matters to be withheld.'"  Ex. B (citing 5 U.S.C. § 552(b)(3)).  To invoke Exemption 3, the USPS cites to 39 U.S.C. § 410(c)(2), which generally applies to "information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good business practice would not be publicly disclosed."  Ex. B.



USPS General Counsel – FOIA Appeal
June 13, 2018
Page 3

The USPS correctly notes that "good business practice" is assessed by considering commercial customs.  The USPS errs, however, in its conclusion that the requested documents can be withheld in their entirety because "[i]t would not be good business practice to release the requested information, and private businesses would not release information of this nature to the public."  Ex. B.

Under well-established law, "the focus of the FOIA is information, not documents." *City of Va. Beach v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir. 1993) (internal quotation marks omitted) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 184 U.S. App. D.C. 350, 566 F.2d 242, 260 (D.C. Cir. 1977).  "Both the Postal Reorganization Act and the commercial information exemption of FOIA refer to commercial 'information,' as opposed to commercial 'documents' or 'contracts.'"  *Piper & Marbury, L.L.P. v. United States Postal Serv.*, 2001 U.S. Dist. LEXIS 2492, *14 (D.D.C. Mar. 5, 2001).  "**Accordingly, USPS cannot withhold entire agreements or even entire documents without explanation. Instead it must point to particular knowledge, figures or data that both qualifies as information, and would not be disclosed by private businesses**."  *Wickwire Gavin, P.C. v. United States Postal Serv.*, 356 F.3d 588, 596 (4th Cir. 2004) (emphasis added); *see also Piper*, 2001 U.S. Dist. LEXIS 2492, at *12-13 ("While a contract or agreement between the government and a private entity may qualify as an agency record, and therefore merits analysis under the framework of FOIA, I am hard pressed to see how a contract, in its entirety, qualifies as 'information.'").

Here, the USPS has not pointed to any *information* within the requested documents and communications that is protected from disclosure under Exemption 3.  Indeed, the USPS has expressly refused to even look for such information.[1]  *See* Ex. B at 2 (USPS "declines to conduct a search for the records requested or to perform any analysis to identify or segregate portions of alleged records.").  The first types of documents and communications in the Request related to Negotiated Service Agreements ("NSAs")—in another word, contracts.  Under applicable law, USPS contracts are not "information" that can be withheld under FOIA in their entirety.  *See Piper*, 2001 U.S. Dist. LEXIS 2492, at *12-13.  To show that "good business practice" does not permit disclosure of information within the NSAs, the USPS must thus point to "particular knowledge, figure or data that both qualifies as information, and would not be disclosed by private businesses."  *Wickwire*, 356 F.3d at 596.  Withholding entire *documents* as opposed to *information*—as the USPS seeks to do here—is unlawful under FOIA.[2]

The other type of information in the Request is directed at mere administrative documents—"criteria used by the United States Postal Service to award NSAs, including but not limited to any internal guidance, handbooks, or checklists."  Ex. A.  The Denial does not even

---

[1] Because the USPS has apparently failed altogether to look for responsive documents, I specifically challenge the adequacy of the agency's search for responsive documents.  *See Oglesby v. Dep't of the Army*, 920 F.2d 57, 67 (D.C. Cir. 1990).

[2] Even assuming—without conceding—that there was **some** exempt information in the requested documents, USPS is still duty-bound to segregate and release the non-exempt information.  *See* 5 U.S.C. § 552(b) ("[A]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.").



USPS General Counsel – FOIA Appeal
June 13, 2018
Page 4

address this request, nor does its Exemption 3 explanation apply to agency administrative documents of this nature, disclosure of which would not put the USPS at a competitive disadvantage.

Accordingly, Exemption 3 does not apply to the documents and communications in the Request, and the USPS Denial should be overturned.

### B.    A *Glomar* Response is Inappropriate Here

While the USPS does not label it as such, its statement that it "can neither confirm nor deny whether the requested records exist" is a *Glomar* response.  Because *Glomar* responses directly contradict FOIA's purpose of providing open access to government documents and information, an agency seeking to use such a response "must demonstrate that acknowledging the mere existence of responsive records would disclose exempt information."  *Elec. Privacy Info. Ctr. v. NSA*, 678 F.3d 926, 931 (D.C. Cir. 2012).  *Glomar* responses are appropriate only in rare circumstances, primarily where military and national security information is at issue.  No case approves a *Glomar* response with regard to USPS information, or contract information similar to that requested here.

A *Glomar* response is therefore inappropriate here, where the information requested relates to contractual relationships, the mere existence of which could not expose exempt information, much less jeopardize national security.  As described above, contracts in their entirety are not exempt information, and it follows that the existence of such contracts can similarly not be exempt information.

### C.    Alternatively, Discretionary Disclosure is Appropriate

Alternatively, I request that USPS make a discretionary records release.  As the Supreme Court has explained "Congress did not design the FOIA exemptions to be mandatory bars to disclosure."  *Chrysler v. Brown*, 441 U.S. 281, 293 (1979).  Thus, even if arguably exempt from disclosure, I request that USPS evaluate the Request for a discretionary records release.  *See, e.g.*, *Nat'l Org. for Women, Wash., D.C. Chapter v. Soc. Sec. Admin of Dep't of Health & Human Servs.*, 736 F.2d 727, 732 (D.C. Cir. 1984).

## II.    Conclusion

For the foregoing reasons, I request that the USPS reverse its initial ruling and release the information sought in the Request.  Pursuant to FOIA's statutory requirements, I look forward to hearing your response within the 20-day statutory period.

Please do not hesitate to contact me to discuss this appeal.  My phone number is (612) 492-6634.  I can be reached at this number during normal business hours from 8:00 a.m. to 6:00 p.m. Central Standard Time.

Thank you for your time and consideration of this appeal.



USPS General Counsel – FOIA Appeal
June 13, 2018
Page 5

Cordially yours,

DORSEY & WHITNEY LLP


Alex P. Hontos
Partner

AH:ch

Enclosures

## **TABLE OF CONTENTS**

**Exhibit A:**     FOIA request submitted on April 16, 2018

**Exhibit B:**     USPS denial letter dated May 16, 2018



**ALEX P. HONTOS**
**Partner**
**(612) 492-6634**
**FAX (612) 677-3403**
**hontos.alex@dorsey.com**

April 16, 2018

<u>**VIA ONLINE REQUEST PORTAL**</u>

MANAGER RECORDS OFFICE
US POSTAL SERVICE
475 L'Enfant Plaza SW Rm 1P830
Washington, DC 20260-1101

  Re: **Freedom of Information Act Request to US Postal Service**

Dear Freedom of Information Act Officer:

  This is a request under the Freedom of Information Act (5 U.S.C. § 552).  I request that a copy of the following documents or documents containing the following information be provided to me:

- All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any Negotiated Service Agreement ("NSA") between the United States Postal Service and **Fujian Zongteng Network Technology Co., Limited (f/k/a Fuzhou Zongteng Technology Co., Limited)** (collectively "Zongteng"), including the copy of the NSA and any application or proposal materials submitted by Zongteng to obtain the NSA.

- All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and **Enumber, Inc.**, including the copy of the NSA and any application or proposal materials submitted by Enumber to obtain the NSA.

- All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and **US Elogistics Service Corporation**, including the copy of the NSA and any application or proposal materials submitted by US Elogistics to obtain the NSA.

- All documents, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to the criteria used by the United States Postal Service to award NSAs, including but not limited to any internal guidance, handbooks, or checklists related to the same.



MANAGER RECORDS OFFICE
US POSTAL SERVICE
April 16, 2018
Page 2


     In order to help to determine my status for purposes of determining the applicability of any fees, you should know that my name is Alex P. Hontos, and I am an attorney with Dorsey & Whitney LLP, a Minneapolis, MN law firm.  I am willing to pay fees for this request.  If you estimate the fees will exceed $500, please inform me before processing the request.  I look forward to hearing your response within the 20-day statutory time period.

     Please do not hesitate to contact me to discuss my request.  My phone number is (612) 492-6634.  I can be reached at this number during normal business hours from 8:00 a.m. to 6:00 p.m. Central Standard Time.

     Thank you for your time and consideration of this request.


Cordially yours,

DORSEY & WHITNEY LLP


s/ Alex P. Hontos
Alex P. Hontos
Partner

AH:sen

SALES & CUSTOMER RELATIONS


UNITED STATES
POSTAL SERVICE

May 16, 2018

Mr. Alex Hontos
Partner
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

Via email: hontos.alex@dorsey.com

RE: FOIA Case NO. 2018-FPRO-00773

Dear Mr. Hontos:

Your request of April 16, 2018 for information under the Freedom of Information Act has been forwarded to this department for response.  You requested the following:

> All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any Negotiated Service Agreement ("NSA") between the United States Postal Service and Fujian Zongteng Network Technology Co., Limited (f/k/a Fuzhou Zongteng Technology Co., Limited) (collectively "Zongteng"), including the copy of the NSA and any application or proposal material submitted by Zongteng to obtain the NSA.

> All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and Enumber, Inc., including the copy of the NSA and any application or proposal materials submitted by Enumber to obtain the NSA.

> All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to any NSA between the United States Postal Service and US Elogistics Service Corporation, including the copy of the NSA and any application or proposal materials submitted by US Elogistics to obtain the NSA.

> All documents and communications, inclusive of those in electronic form or format, or any other records in your possession or control, regardless of physical form or characteristics, related to the criteria used by the United States Postal Service to award NSAs, including but not limited to any internal guidance, handbooks, or checklists related to the same.

- 2 -

The FOIA generally requires federal government agencies to disclose to the public reasonably described records within their possession.  However, the FOIA contains several exemptions that permit agencies to withhold certain records.  Additionally, an agency may refuse to either confirm or deny that it has relevant records when disclosing the existence or nonexistence of responsive records would itself cause a harm protected under a FOIA request.

The records you request relate to business relationships that the Postal Service may or may not have with selected business partners.  The release of the existence of such a relationship as well as the material terms of any such agreement, should they exist, could harm the Postal Service's commercial interests in obtaining competitive rates with a variety of business partners in the future.  As a result, the Postal Service can neither confirm nor deny whether the requested records exist.  Moreover, the Postal Service declines to conduct a search for the records requested or to perform any analysis to identify or segregate portions of alleged records.  Therefore, your request is denied in accordance with FOIA Exemption 3 in conjunction with 39 U.S.C. Section 410(c)(2).

FOIA Exemption 3 provides that agencies may withhold records that are exempted from disclosure by another statute which "establishes particular criteria for withholding or refers to particular types of matters to be withheld "5 U.S.C. § 552(b)(3).  Section 410(c)(2) of Title 39, U.S. Code, provides that information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good practice would not be publicly disclosed is exempt from disclosure requirements of the FOIA. This section was enacted as part of the Postal Reorganization Act, 39 U.S.C. § 101 et seq. (1970), which designated the Postal Service as an independent establishment of the executive branch and generally directed it to conduct its operations in accordance with sound business principles. Section 410(c)(2) operates both independently and as an exempting statute within the scope of Exemption 3.

To determine what constitutes "good business practice" under § 410(c)(2), courts consider the customs of the commercial world, management techniques, and business law, as well as the standards of practice adhered to by large corporations. The Postal Service may withhold information of a commercial nature if large businesses would do the same.  It would not be good business practice to release the requested information, and private businesses would not release information of this nature to the public.

The Postal Service's ability to withhold such information, if it exists, is also consistent with Congress' intent, expressed through the PRA, that the Postal Service "be managed in a businesslike way," as well as Congress' intent, expressed through the Postal Accountability and Enhancement Act of 2006 (PAEA), that the Postal Service become a profit-oriented, rather than breakeven, enterprise.  Accordingly, the type of information requested meets the "commercial" and "good business practice" tests under 39 U.S.C. §410(c)(2).  Unlike other federal government agencies, the Postal Service under the PRA receives no tax dollars for payment of operating expenses, and instead must fund its operations through revenue it receives from its customers for the sale of both competitive and non-competitive postage, products and services.

- 3 -

If you are not satisfied with the response to this request, you may file an administrative appeal within 90 days of the date of this response letter by writing to the General Counsel U.S. Postal Service 475 L'Enfant Plaza SW Washington, DC 20260 or via email at FOIAAppeal@usps.gov.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of the response to your request. The letter of appeal should include, as applicable:

1. A copy of the request, of any notification of denial or other action, and of any other related correspondence;
2. The FOIA tracking number assigned to the request;
3. A statement of the action, or failure to act, from which the appeal is taken;
4. A statement identifying the specific redactions to responsive records that the requester is challenging;
5. A statement of the relief sought; and
6. A statement of the reasons why the requester believes the action or failure to act is erroneous.

For further assistance and to discuss any aspect of your request, you may contact any of the following:

- Name of agency official and/or FOIA Coordinator that processed your request: Merl Stanley, Business Customer Intelligence, Sales Support, merl.l.stanley@usps.gov
- FOIA Requester Service Center: Privacy & Records Office (Attn: FOIA RSC) U.S. Postal Service 475 L'Enfant Plaza SW, RM 1P830 Washington, DC 20260-1101 Phone: 202-268-2608, Fax: 202-268-5353
- FOIA Public Liaison: Jane Eyre, Jane.G.Eyre@usps.gov

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Merl L. Stanley

# EXHIBIT D

FEDERAL COMPLIANCE
OFFICE OF THE GENERAL COUNSEL


**UNITED STATES**
**POSTAL SERVICE**

*CERTIFIED MAIL -- RETURN RECEIPT REQUESTED*

July 18, 2018

Mr. Alex Hontos
Partner
Dorsey & Williams LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

Re:   Freedom of Information Act Appeal No. 2018-APP-00104
      FOIA Case No. 2018-FPRO-00773

Dear Mr. Hontos:

This is in response to your letter dated June 13, 2018, which was received in our office on June 14, 2018.  In your letter, you appealed from the action of Sales Support Specialist Merl Stanley on your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for access to records concerning Negotiated Service Agreements ("NSA") between the Postal Service and certain other entities.  After carefully considering your appeal, we are affirming Mr. Stanley's action on your request in full.

In a letter dated April 16, 2018, you requested all documents and communications related to NSAs between the Postal Service and four named entities (Fujian Zongteng, Fuzhou Zongteng, Enumber, and US Elogistics).  On May 16, 2018, Mr. Stanley denied your request, neither confirming nor denying the existence of any such agreements, a "*Glomar* response," and citing FOIA Exemption 3 in conjunction with 39 U.S.C. § 410(c)(2).  You appealed on the grounds that Mr. Stanley incorrectly applied Exemption 3 and 39 U.S.C. § 410(c)(2).  You also asserted that his use of a "*Glomar* response" was inappropriate.

Congress enacted the FOIA to "'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'"  *Dep't of the Air Force v. Rose*, 425 U.S. 352 (1976).  Congress balanced this objective by recognizing that "legitimate governmental and private interests could be harmed by release of certain types of information."  *Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 621 (1982).  FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions."  *Milner v. Dep't of the Navy*, 562 U.S. 562, 562 (2011).  In addition, other laws allow the Postal Service to withhold certain categories of records and information.  *See* 39 U.S.C. § 410(c).

Section (b)(3) of the FOIA, 5 U.S.C. § 552(b)(3) ("Exemption 3"), allows an agency to withhold information that is "specifically exempted from disclosure by statute."  Section 410(c)(2) of the Postal Reorganization Act, 39 U.S.C. § 410(c)(2) ("Section 410(c)(2)"), qualifies as a statute that specifically exempts certain information from disclosure under Exemption 3 of the FOIA.  *See Wickwire Gavin v. U.S. Postal Serv.*, 356 F.3d 588, 592 n.6 (4th Cir. 2004); *Carlson v. U.S. Postal Serv.*, No. 13-cv-06017-JSC, 2015 WL 9258072, at *4 (N.D. Cal. Dec. 18, 2015); *Airline Pilots Ass'n v. U.S. Postal Serv.*, No. 03-2384 (ESH), 2004 WL 5050900, at *5 (D.D.C. June 24, 2004).  Section 410(c)(2) also operates independently of the FOIA to exempt information from disclosure.  Section 410(c)(2) permits the Postal Service to withhold "information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good business practice would not be publicly disclosed."

- 2 -

In accordance with the Postal Reorganization Act, an act intended to establish the Postal Service on a corporate model and to conduct its operations in accordance with sound business principles, Section 410(c)(2) permits the Postal Service to withhold a broader range of commercial information when compared to similar FOIA exemptions applicable to other agencies. First, information of a commercial nature under Section 410(c)(2) is broadly defined to include all information that relates to commerce, trade, or profit. *See Carlson v. U.S. Postal Serv.*, 504 F.3d 1123, 1129 (9th Cir. 2007) (applying the "common meaning" of the term). Second, so long as the information would not be disclosed "under good business practice," disclosure of the information need not result in competitive harm in order to qualify as exempt under Section 410(c)(2), nor must commercial interests outweigh the public interest in disclosure.  *See Wickwire Gavin*, 356 F.3d at 594-95; *Carlson*, 2015 WL 9258072 at *8.  In order to determine whether commercial information would be disclosed under good business practice, courts look to the common practices of other businesses.  *See id.*

Moreover, in certain instances when a requester seeks records or information within the scope of Section 410(c)(2), the Postal Service  may provide a "*Glomar* response" that neither confirms nor denies the existence of responsive records or information when merely acknowledging the existence of responsive records or information would cause the harms Section 410(c)(2) is designed to prevent. *See, e.g., Am. Civil Liberties Union v. Cent. Intelligence Agency*, 710 F.3d 422, 426 (D.C. Cir. 2013); *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health, Dep't of Health & Human Servs.*, 745 F.3d 535, 540-41 (D.C. Cir. 2014); *Vazquez v. U.S. Dep't of Justice*, 887 F. Supp. 2d 114, 116-18 (D.D.C. 2012).

Here, the records that you requested are commercial in nature because they relate to particular business agreements that the Postal Service may or may not have with specific customers or partners.  The Postal Service uses NSAs to offer customized pricing and classifications to mailers.  Thus, records pertaining to NSAs qualify as "commercial information" under Section 410(c)(2) because the information directly relates to the Postal Service's commerce, trade, and profit.  Similarly situated private sector firms do not release this type of information.

In addition, because your FOIA request asks for records concerning NSAs between the Postal Service and particular named parties, even acknowledging the existence of the commercial information you request would disclose whether the Postal Service has NSAs with these named parties.  We note that the Postal Service routinely files notices of these types of agreements with the Postal Regulatory Commission in redacted form without disclosing the name of the business entity or the terms of the agreement.  Accordingly, Mr. Stanley's response was proper and the Postal Service declines to conduct a search for records responsive to the request, or perform an analysis to identify segregable portions of such records.  *See, e.g., People for the Ethical Treatment of Animals*, 745 F.3d at 540.

This is the final decision of the Postal Service regarding your right of access to records requested pursuant to the FOIA.  You may seek judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have your principal place of business, the district in which the records are located, or in the District of Columbia.

The Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
Room 2510
College Park, MD 20740-6001
Email: ogis@nara.gov
Telephone: 202-741-5770
Toll free: 1-877-684-6448

- 3 -

Facsimile: 202-741-5769

For the General Counsel,

*James L Tucker*

James L. Tucker
Attorney
Federal Compliance

cc:   Merl Stanley
      Nancy Chavannes-Battle
      Marthea Hodge
      Robin Sherwood
      FOIAAppeal@usps.gov