# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dorsey & Whitney LLP, | Civ. No. 18-2493 (WMW/BRT) |
| Plaintiff, | |
| v. | |
| United States Postal Service, | **ORDER** |
| Defendant. | |

This matter comes before the Court on Plaintiff Dorsey & Whitney's Motion for *Vaughn* Index, or for *In Camera* Review. (Doc. No. 14.) Based on the files, records, and proceedings herein, Plaintiff's motion is denied without prejudice as premature because the Court has not yet ruled on whether the United States Postal Service's *Glomar* response will be upheld.

## DISCUSSION

Plaintiff made a Freedom of Information Act ("FOIA") request to the United States Postal Service ("USPS") for Negotiated Service Agreements ("NSAs") that the agency had with three entities and information "related to the criteria used by the [USPS] to award NSAs, including, but not limited to, any internal guidance, handbooks, or checklists related to the same." (Doc. No. 1, Compl. ¶¶ 14–17, Ex. A at 2–3.) The USPS asserted a *Glomar* response,[1] stating that it would "neither confirm nor deny whether [the

---

[1] The *Glomar* response takes its name from a case concerning the Hughes Glomar Explorer, a ship used in a project "to raise a sunken Soviet submarine from the floor of
(Footnote Continued on Next Page)

requested] records exist." (Compl. ¶ 19, Ex. B.) The USPS cited Exemption 3 to justify its' *Glomar* response. (*Id.* ¶ 20, Ex. B.) Exemption 3 to the FOIA provides that agencies may withhold records that are exempted by another statute which "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. 552(b)(3)(A)(ii). The USPS takes the position that Exemption 3 prevents disclosure because "Section 410(c)(2) of Title 39, U.S. Code, provides that information of a commercial nature, including trade secrets . . . which under good practice would not be publicly disclosed is exempt from the disclosure requirements of the FOIA." (Doc. No. 1-1 at 6.) Plaintiff filed an appeal challenging the blanket *Glomar* response, and the USPS affirmed. (*Id.* at 9–13, 21–23.)

Plaintiff filed this lawsuit on August 27, 2018. As is typical in non-*Glomar* cases, Plaintiff requested a *Vaughn* index and has moved this Court to compel the production of a *Vaughn* index. (Doc. No. 14.) "A *Vaughn* index is a common FOIA procedural device that lists the documents responsive to the request and explains why portions have been withheld." *Cooper Cameron Corp. v. United States DOL*, 280 F.3d 539, 544 n.12 (5th Cir. 2002) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)). This case, however, is not typical. Here, a *Glomar* response was asserted and the procedure to obtain a *Vaughn* index is not yet available because the existence of underlying documents is

---

(Footnote Continued From Previous Page)
the Pacific Ocean to recover the missiles, codes, and communications equipment onboard for analysis by United States military and intelligence experts." *Roth v. U.S. Dep't of Justice*, 641 F.3d 1161, 1171 (D.C. Cir. 2011).

shielded until the USPS's *Glomar* response is determined to be unjustified. Similarly, an *in camera* review of withheld records at this stage is not helpful when there are no records to review.[2] (*See* Doc. No. 19, Def.'s Mem. 2 ("If an agency does not conduct a search, relying on *Glomar*, there are no documents for a *Vaughn* index or *in camera* review.").) Accordingly, the Court must first address whether the USPS's *Glomar* response should be upheld before it can order the production of a *Vaughn* index.

A ruling on the *Glomar* response, however, may fall outside the jurisdiction of the undersigned. A magistrate judge may hear and determine any pretrial matter before the court, subject to a number of exceptions. *See* 28 U.S.C. § 636(b)(1)(A). A magistrate judge may also "be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." *Id.* § 636(b)(3). District courts are directed to "establish rules pursuant to which the magistrates shall discharge their duties," *id.* 636(b)(4), and the Local Rules in this district provide that magistrates can "[h]ear and determine any pretrial matter pending before the court, except a motion: for injunctive relief; for judgment on the pleadings; for summary judgment; to dismiss or to permit maintenance of a class action; to dismiss for failure to state a claim upon which relief can be granted; or to involuntarily dismiss an action[.]" D. Minn. LR 72.1(a)(2).[3] The local

---

[2] This does not mean that an *in camera* review of documents or other information may not be appropriate when the Court considers whether the *Glomar* response is justified.

[3] The Local Rules regarding motion practice further delineate that the magistrate judge does not hear and determine motions to exclude experts under Fed. R. Evid. 702. *See* D. Minn. LR 7.1(c)(6)(D).

rules further provide that the "district judge assigned to a case may specifically designate a magistrate judge to perform any of the duties authorized by 28 U.S.C. § 636(b)." D. Minn. LR 72.1(b). The key inquiry, therefore, is "whether the magistrate judge's determination is dispositive; that is, whether it disposes of a party's claim or defense because 'it is only those rulings which *finally resolve* a party's 'claim or defense' which are considered 'dispositive' within the meaning of § 636(b)." *Rubin v. Smith*, 882 F. Supp. 212, 216 (D.N.H. 1995) (quoting *Robinson v. Eng*, 148 F.R.D. 635, 640 (D. Neb. 1993)) (emphasis added). Here, a decision on *Glomar* would "resolve the substantive claims for relief alleged in the pleadings[.]" *Id.* at 217.

Adjudication of the *Glomar* response can be promptly presented to the Court for resolution to alleviate the concerns expressed by Plaintiff regarding efficiency and delay. According to the Scheduling Order in place, the USPS has already served Plaintiff with its' draft declarations in support of summary judgment. (Doc. No. 12 at 2.) A status conference will be held **January 3, 2019 at 11:30 a.m.** The parties should connect and jointly call in to Chambers. An Amended Scheduling Order will separately issue.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for *Vaughn* Index, or for *In Camera* Review (Doc. No. 14.) is **DENIED WITHOUT PREJUDICE**.

Date: December 21, 2018

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge