UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dorsey & Whitney LLP, | Case No. 18-cv-2493 (WMW/BRT) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| United States Postal Service, | |
| Defendant. | |

This matter is before the Court on Defendant's objections to the May 9, 2019 Report and Recommendation (R&R) issued by United States Magistrate Judge Becky R. Thorson on cross-motions for summary judgment. (Dkt. 47.) For the reasons addressed below, the Court overrules Defendant's objections, adopts the R&R, grants Plaintiff's motion for summary judgment, and denies Defendant's motion for summary judgment.

## BACKGROUND

Plaintiff Dorsey & Whitney LLP (Dorsey) submitted a Freedom of Information Act request to Defendant United States Postal Service (USPS) on April 16, 2018, seeking information about Negotiated Service Agreements (NSAs) between USPS and private parties for lower rates or more favorable terms. Specifically, Dorsey sought information relating to NSAs between USPS and three entities: Fujian Zongteng Network Technology Co., Limited; Enumber, Inc.; and US Elogistics Service Corporation.

USPS submitted a *Glomar* response, a refusal to disclose or deny even the *existence* of any responsive documents.[1] Dorsey filed an administrative appeal, which USPS denied. Dorsey subsequently filed this lawsuit, claiming that USPS's *Glomar* response violates the Freedom of Information Act (FOIA).

Dorsey and USPS filed cross-motions for summary judgment, which this Court referred to the magistrate judge, pursuant to Title 28, United States Code, Section 636(b)(1). In the R&R that followed, the magistrate judge recommends granting Dorsey's motion for summary judgment and denying USPS's motion for summary judgment. USPS filed timely objections to the R&R.

## ANALYSIS

In its *Glomar* response to Dorsey's FOIA request for information regarding NSAs between USPS and three companies, USPS asserts that the information Dorsey seeks is protected from disclosure. In their pending cross-motions for summary judgment, the parties dispute whether USPS's *Glomar* response violates FOIA. Summary judgment is properly granted when, viewing the evidence in the light most favorable to the nonmoving party, the Court determines that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Mo. Coal. for Env't Found. v. U.S. Army Corps of Eng'rs*, 542 F.3d 1204, 1209 (8th Cir. 2008).

---

[1] A *Glomar* response derives its name from *Phillippi v. CIA*. *See* 546 F.2d 1009, 1010-11 (D.C. Cir. 1976) (addressing the CIA's refusal to confirm or deny whether it had documents relating to the "Hughes Glomar Explorer," a ship reputedly owned by the United States).

FOIA promotes public access to government documents by providing "a judicially enforceable public right to secure [official] information from possibly unwilling official hands." *Miller v. U.S. Dep't of Agric.*, 13 F.3d 260, 262 (8th Cir. 1993) (internal quotation marks omitted). There are nine exemptions to FOIA's default rule of public access. 5 U.S.C. § 552(b). Each exemption "must be narrowly construed." *Miller*, 13 F.3d at 262 (internal quotation marks omitted). A government agency need not disclose requested documents that fall within an exception. Instead, the agency may acknowledge the existence of responsive information and "provide specific, non-conclusory justifications for withholding that information under one of FOIA's exemptions." *W. Values Project v. U.S. Dep't of Justice*, 317 F. Supp. 3d 427, 433 (D.D.C. 2018) (internal quotation marks omitted). When an agency's decision to withhold requested information is challenged in court, the agency bears the burden of demonstrating that an exemption to FOIA applies. 5 U.S.C. § 552(a)(4)(B); *accord Miller*, 13 F.3d at 262-63.

Exemption 3 to FOIA states that an agency need not disclose information that is "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). As relevant here, a statutory "good business" exception provides that USPS is not required to disclose "information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good business practice would not be publicly disclosed." 39 U.S.C. § 410(c)(2). Multiple courts have recognized that the good business exception is an applicable statute under Exemption 3 to FOIA. *See, e.g.*, *Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 596-97 (4th Cir. 2004) (holding that information was exempt from disclosure under the good business exception, as

3

incorporated by Exemption 3); *cf. Carlson v. U.S. Postal Serv.*, 504 F.3d 1123, 1127 (9th Cir. 2007) (assuming without deciding that the statutory good business exception falls within Exemption 3).

Under certain circumstances, even the mere acknowledgment that responsive information exists may be protected by a FOIA exemption. *W. Values Project*, 317 F. Supp. 3d at 433. When disclosing the *existence* of requested information would cause harm to an agency, the agency may issue a *Glomar* response and decline to disclose the existence or nonexistence of responsive records. *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health, Dep't of Health & Human Servs.*, 745 F.3d 535, 540 (D.C. Cir. 2014).

USPS maintains that the information sought by Dorsey falls under the good business exception, as incorporated by Exemption 3 to FOIA. USPS argues its *Glomar* response is justified because acknowledging even the *existence* of NSAs is protected information. Dorsey disagrees, contending that FOIA requires USPS to disclose at least the existence of NSAs. Concluding that USPS's *Glomar* response is not justified, the R&R recommends granting Dorsey's motion for summary judgment and denying USPS's motion for summary judgment. USPS objects to the R&R, challenging the standard of review, the "actual harm" analysis, and the good business exception analysis applied in the R&R.

When a party files and serves specific objections to a magistrate judge's proposed findings and recommendations, the district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1). The Court conducts the following de novo review of each portion of the R&R to which USPS objects.

### I. Standard of Review of USPS's Decision to Withhold Information

USPS first challenges the R&R's de novo review of USPS's decision to issue a *Glomar* response to Dorsey.

When an agency's decision to withhold information pursuant to a FOIA request is challenged in a federal district court, "the court shall determine the matter de novo." 5 U.S.C. § 552(a)(4)(B). In the context of FOIA Exemption 3 cases, a district court may conduct a "limited" de novo review, however, when the parties agree that the statute at issue falls under Exemption 3's purview and the requested information is covered by that statute. *Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011).

USPS contends that a "limited" de novo standard of review is appropriate here. But Dorsey and USPS do not agree that the requested information—the existence of NSAs—is covered by the good business exception. *See* 39 U.S.C. § 410(c)(2). Absent such an agreement, a "limited" de novo standard of review is not contemplated by *Central Platte*. *See* 643 F.3d at 1147-48. And USPS provides no case law, nor has the Court's research produced any, that adopts a "limited" de novo standard of review under these circumstances.[2]

For these reasons, USPS's objection to the R&R's de novo review of USPS's decision to issue a *Glomar* response is overruled.

---

[2] Indeed, the Eighth Circuit has continued to apply de novo review in cases decided after *Central Platte*. *See, e.g.*, *Argus Leader Media v. U.S. Dep't of Agric.*, 740 F.3d 1172, 1175 (8th Cir. 2014) (performing de novo review of district court's grant of summary judgment in a FOIA case after district court's initial de novo review).

## II. Good Business Exception

USPS also objects to the R&R's analysis under the good business exception, arguing that the R&R's focus on the activity of private companies without consideration of other relevant factors is erroneous. USPS argues that, contrary to the R&R's conclusion, the existence of NSAs would *not* be disclosed under good business practices.

The good business exception permits USPS to withhold "information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good business practice would not be publicly disclosed."[3] 39 U.S.C. § 410(c)(2). A court determines good business practices "by looking to the commercial world, management techniques, and business law, as well as to the standards of practice adhered to by large corporations." *Am. Postal Workers Union v. U.S. Postal Serv.*, 742 F. Supp. 2d 76, 82 (D.D.C. 2010). And, despite USPS's arguments to the contrary, the activities of private businesses are instructive in this analysis. *See, e.g.*, *Wickwire Gavin*, 356 F.3d at 594 (holding that appellant's "failure to build any record whatsoever concerning the business practices of USPS's competitors is fatal" to appellant's attempt to challenge USPS's "invocation of FOIA Exemption 3"); *Am. Postal Workers Union*, 742 F. Supp. 2d at 83 (explaining that it was "persuasive" that the plaintiff offered

---

[3] USPS also objects to the R&R to the extent that the R&R's analysis assumes without deciding that the existence of NSAs is "information of a commercial nature." 39 U.S.C. § 410(c)(2). USPS's conclusory objections to this issue do not trigger de novo review. *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990) ("[O]bjections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation."). Moreover, the R&R's assumption *favors* USPS.

6

"no evidence contradicting [USPS]'s contention that private sector delivery firms would not disclose" the information at issue).

In support of its *Glomar* response, USPS submits two declarations from its Senior Vice President, Dennis Nicoski.[4] Nicoski states that acknowledging the existence of an NSA "can provide another company with a competitive advantage" over USPS in at least three ways. Nicoski explains that revealing the existence of an NSA could violate nondisclosure agreements between USPS and its customers, reduce USPS's revenue because customers *without* NSAs would be incentivized to seek NSAs, and reveal valuable information to USPS's competitors. In light of these risks, USPS contends, private businesses operating under good business practices would not release such information to the public.

Dorsey counters that the existence of NSAs—as well as comparable information—is routinely disclosed under good business practice. In support of its argument, Dorsey relies on evidence of USPS's prior disclosures. For example, USPS's website and manual highlight the availability of NSAs for USPS's customers. USPS also has made statements in congressional hearings and press releases regarding its beneficial partnerships with UPS, Amazon, Shutterfly Inc., United Health Group, and State Farm, among others. And,

---

[4] In a FOIA case, an agency may rely on declarations or affidavits to support its motion for summary judgment, as USPS does here. *See Agility Pub. Warehousing Co. K.S.C. v. Nat'l Sec. Agency*, 113 F. Supp. 3d 313, 324-25 (D.D.C. 2015). A court grants summary judgment on the basis of such declarations or affidavits only when they contain "reasonable specificity of detail" and are not "called into question by contradictory evidence in the record." *Id.* (internal quotation marks omitted).

7

Dorsey observes, the Nicoski declaration discloses several of USPS's business partners, as well.

Next, Dorsey offers evidence of publicly available information relating to NSA agreements between USPS and its customers. For example, USPS has notified the Postal Regulatory Commission of NSAs that USPS has with specific customers. The Office of Inspector General generated an audit report of USPS's NSA with Capital One Services, Inc. And several news articles identify partnerships between USPS and its customers, including an article in The Wall Street Journal acknowledging the existence of Amazon's NSA with USPS.

Finally, Dorsey introduces evidence that private companies routinely disclose the existence of beneficial business partnerships. For example, Dorsey submits a FedEx press release in which FedEx describes an extension to its air transportation contract with USPS. The totality of the evidence in the record, Dorsey contends, defeats USPS's position that the existence of NSAs is exempt from FOIA's disclosure requirements.

USPS argues that Dorsey's rebuttal evidence is "immaterial" to the Court's good business practice analysis because the evidence "merely tout[s] the benefits of various public partnerships in the shipping industry," rather than disclosing specific pricing or terms. This argument is unavailing. The issue before the Court is whether the *existence* of NSAs is disclosed under good business practices, *not* whether the underlying *contents* of NSAs are disclosed under good business practices. The record supports Dorsey's contention that the existence of NSAs and other beneficial partnerships is publicly disclosed under good business practice.

USPS also maintains that the disclosures of USPS-customer partnerships that Dorsey relies on are distinguishable. Those partnerships, USPS contends, were made in "non-competitive markets." USPS argues that the information requested here pertains to a competitive market. But USPS's distinction falls short. Conclusory statements about competitive versus non-competitive markets do not satisfy USPS's burden of establishing that one of FOIA's narrow exemptions applies. *See Miller*, 13 F.3d at 262-63.

For these reasons, USPS's objections to the R&R's analysis of the good business exception are overruled. The record supports the R&R's determination that the existence of NSAs would be publicly disclosed under good business practice.

In sum, USPS has not carried its burden to establish that its *Glomar* response is justified pursuant to the good business exception as incorporated by FOIA Exemption 3. Rather, the evidence in the record establishes that the existence of NSAs is disclosed under good business practices.

USPS's motion for summary judgment is denied and Dorsey's motion for summary judgment is granted. Because the Court's conclusion as to the good business exception is dispositive of both parties' motions for summary judgment, the Court overrules as moot USPS's objection to the R&R's "actual harm" analysis. USPS does not object to any other portion of the R&R. In the absence of objections, the Court reviews the remainder of the R&R for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder*

*v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). The Court finds no clear error as to any portion of the R&R to which USPS does not object.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant United States Postal Service's objections, (Dkt. 48), are **OVERRULED**.

2. The May 9, 2019 R&R, (Dkt. 47), is **ADOPTED**.

3. Defendant United States Postal Service's motion for summary judgment, (Dkt. 30), is **DENIED**.

4. Plaintiff Dorsey & Whitney LLP's motion for summary judgment, (Dkt. 35), is **GRANTED** as to the *Glomar* response issued by Defendant United States Postal Service.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 3, 2019                         s/Wilhelmina M. Wright
                                                 Wilhelmina M. Wright
                                                 United States District Judge